1   DAVID A. STEINBERG (SBN 130593)
      das@msk.com
2   GABRIELLA N. ISMAJ (SBN 301594)
      gan@msk.com
3   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
4   Los Angeles, CA  90067-3120
    Telephone: (310) 312-2000
5   Facsimile: (310) 312-3100

6   Attorneys for Defendants
    Warner Records Inc., Dua Lipa,
7   Clarence Coffee, Jr., Sarah Hudson,
    and Stephen Kozmeniuk

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12  CHRISTOPHER EDWARD COPE,        CASE NO. 2:22-cv-01384 SSS (ASx)
    CHRISTOPHER EDWARD
13  MONTAGUE, FABIAN ANDRES         Judge Sunshine Suzanne Sykes
    ACUNA, ADAM SPENCER KAMPF
14  and DENTON BEDWARD,             **DEFENDANTS' NOTICE OF
                                    MOTION AND MOTION TO
15              Plaintiffs,         DISMISS PLAINTIFFS' FIRST
                                    AMENDED COMPLAINT;
16          v.                      MEMORANDUM OF POINTS AND
                                    AUTHORITIES IN SUPPORT
17  WARNER RECORDS, INC., a         THEREOF**
    Delaware corporation, DUA LIPA, an
18  individual, CLARENCE COFFEE, JR.,  Time:       2:00 p.m.
    an individual, SARAH HUDSON, an   Date:       December 16, 2022
19  individual, STEPHEN KOZMENIUK,
    an individual and DOES 1 through 10, File Date:   March 1, 2022
20                                     Trial Date:   None Set
              Defendants.
21                                     *[Declaration of David A. Steinberg and
                                       [Proposed] Order Submitted
22                                     Concurrently Herewith]*

23

24

25

26

27

28

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on December 16, 2022, in the courtroom of the Honorable Sunshine Suzanne Sykes of the United States District Court for the Central District of California, 3470 Twelfth Street, Courtroom 2, Riverside, CA 92501, at 2:00 p.m., or as soon thereafter as the matter may be heard, Defendants Warner Records Inc., Dua Lipa, Clarence Coffee, Jr., Sarah Hudson, and Stephen Kozmeniuk (collectively, "Defendants"), shall and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the First Amended Complaint ("FAC") filed by Plaintiffs Christopher Edward Cope, Christopher Edward Montague, Fabian Andres Acuna, Adam Spencer Kampf, and Denton Bedward (collectively, "Plaintiffs") on September 19, 2022, in its entirety.

This Motion is made on the grounds that Plaintiffs fail to sufficiently plead that Defendants had access to "Live Your Life" before creating "Levitating" or that the works are substantially similar, both of which are basic and necessary elements of their copyright infringement claim.

This Motion is and will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of David A. Steinberg ("Steinberg Decl."), the pleadings and orders in the Court's files for this case, any matters on which the Court may or must take judicial notice, any reply that is filed in support of this Motion, any argument presented at the hearing on this Motion, and any other matters the Court deems proper.

1    This Motion is made following the conference of counsel, held pursuant to

2    Local Rule 7-3, that took place via telephone conference on November 7, 2022.

3    Steinberg Decl., ¶ 4.

4

5    DATED: November 14, 2022          DAVID A. STEINBERG
                                       GABRIELLA N. ISMAJ
6                                      MITCHELL SILBERBERG & KNUPP LLP

7

8                                      By:  /s/ David A. Steinberg
                                            David A. Steinberg
9                                           Attorneys for Defendants
                                            Warner Records Inc., Dua Lipa,
10                                          Clarence Coffee, Jr., Sarah Hudson,
                                            and Stephen Kozmeniuk

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................... 1

II.  FACTUAL BACKGROUND .................................................................. 3

   A.  The FAC's Insufficient Access Allegations .......................................... 4

   B.  The FAC's Insufficient Substantial Similarity Allegations ................. 5

III.  LEGAL STANDARD ............................................................................ 5

IV.  THE FAC FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ....................................................................................... 7

   A.  Plaintiffs Fail To Adequately Allege Access ....................................... 8

      1.  Plaintiffs Fail To Sufficiently Plead Access Through The Purported Widespread Dissemination Of "Live Your Life" ...... 9

         a.  Plaintiffs' Vague Allegations Of Unspecified Performances And Sales Of "Live Your Life" And Alleged Critical Acclaim Are Insufficient .................... 10

         b.  The Mere Availability Of "Live Your Life" On The Internet Is Insufficient To Allege Widespread Dissemination ................................................................ 13

      2.  Plaintiffs' "Chain of Events" Allegations Also Fail To Sufficiently Allege Access ............................................................ 14

   B.  Plaintiffs Fail To Adequately Allege Substantial Similarity ............. 16

V.  CONCLUSION ...................................................................................... 19

Mitchell Silberberg & Knupp LLP

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adams v. Johnson*,
    355 F.3d 1179 (9th Cir. 2004) ................................................................ 6

*Arnett v. Jackson*,
    2017 WL 3493606 (E.D.N.C. Aug. 14, 2017) .................................... 7

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
    581 F.3d 1138 (9th Cir. 2009) ................................................8, 10, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................... 5, 6

*Basile v. Sony Pictures Entm't, Inc.*,
    2014 WL 12521344 (C.D. Cal. Aug. 1, 2014) ................................... 16

*Batiste v. Lewis*,
    976 F.3d 493 (5th Cir. 2020) ............................................................ 12

*Batts v. Adams*,
    2011 WL 13217923 (C.D. Cal. Feb. 8, 2011) .................................... 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................... 5, 6

*Broughel v. Battery Conservancy*,
    2010 WL 1028171 (S.D.N.Y. 2010) ................................................ 18

*Clanton v. UMG Recordings, Inc.*,
    556 F. Supp. 3d 322 (S.D.N.Y. 2021) .......................................... 7, 13

*Evans v. McCoy-Harris*,
    2019 WL 1002512 (C.D. Cal. Jan. 4, 2019) ................................... 7, 17

*Evans v. NBCUniversal Media, LLC*,
    2021 WL 4513624 (C.D. Cal. July 23, 2021) ................................... 17

*Feldman v. Twentieth Century Fox Film Corp.*,
    723 F. Supp. 2d 357 (D. Mass. 2010) ............................................... 7

# TABLE OF AUTHORITIES
<u>(continued)</u>

<u>**Page(s)**</u>

*Funky Films, Inc. v. Time Warner Enm't Co.*,
   462 F.3d 1072 (9th Cir. 2006) ............................................................. 8

*Gray v. Hudson*,
   28 F.4th 87 (9th Cir. 2022) ...................................................... 17, 18

*Guzman v. Hacienda Records & Rec. Studio, Inc.*,
   2014 WL 6982331 (S.D. Tex. Dec. 9, 2014),
   *aff'd* 808 F.3d 1031 (5th Cir. 2015) ................................................. 12

*Hayes v. Keyes*,
   2014 WL 12586731 (C.D. Cal. Nov. 10, 2014) ............................... 14

*Hayes v. Minaj*,
   2012 WL 12887393 (C.D. Cal. Dec. 18, 2012)................... 6, 14, 15, 16

*Hines v. Roc-A-Fella Recs., LLC*,
   2020 WL 1888832 (S.D.N.Y. Apr. 16, 2020) ................................. 17

*Jason v. Fonda*,
   526 F. Supp. 774 (C.D. Cal. 1981) ................................................. 11

*Klauber Brothers, Inc. v. P.J. Salvage*,
   2018 WL 6984817 (C.D. Cal. Oct. 30, 2018) .......................... 10, 15

*Loomis v. Cornish*,
   2013 WL 6044345 (C.D. Cal. Nov. 13, 2013),
   *aff'd*, 836 F.3d 991 (9th Cir. 2016) ........................................ 9, 12, 13

*Loomis v. Cornish*,
   836 F.3d 991 (9th Cir. 2016) ....................................................*passim*

*Maiden v. Finander*,
   2013 WL 5969840 (C.D. Cal. Nov. 6, 2013) ..................................... 6

*Martinez v. McGraw*,
   2010 WL 1493846 (M.D. Tenn. Apr. 14, 2010) ............................. 18

*McRae v. Smith*,
   968 F. Supp. 559 (D. Co. 1997) ..................................................... 12

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ..................................................................6

*Mintz v. Subaru of Am., Inc.*,
  716 F. App'x 618 (9th Cir. 2017) ...........................................................7

*Newton v. Diamond*,
  204 F. Supp. 2d 1244 (C.D. Cal. 2002),
  *aff'd*, 388 F.3d 1189 (9th Cir. 2004) .....................................................3

*Perry v. Mary Ann Liebert, Inc.*,
  2018 WL 2561029 (S.D.N.Y. June 4, 2018) .......................................18

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003) ...............................................................10

*Ronk v. Hudson*,
  2022 WL 3013214 (C.D. Cal. Feb. 23, 2022) .....................................15

*Shaheed-Edwards v. Syco Entm't, Inc.*,
  2017 WL 6403091 (C.D. Cal. Dec. 14, 2017)..................................7, 17

*Skidmore v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) ..................................................8, 16, 18

*Star Fabrics, Inc. v. Wet Seal, Inc.*,
  2014 WL 12591271 (C.D. Cal. Dec. 2, 2014).........................7, 10, 15

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) ...................................................................8

*Tisi v. Patrick*,
  97 F. Supp. 2d 539 (S.D.N.Y. 2000) ...................................................17

Mitchell
Silberberg &
Knupp LLP

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

### OTHER AUTHORITIES

Federal Rule of Civil Procedure Rule 12(b)(6) ................................................. 1, 5, 6

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

Mitchell
Silberberg &
Knupp LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Warner Records Inc. ("Warner"), Dua Lipa, Clarence Coffee, Jr., Sarah Hudson, and Stephen Kozmeniuk (collectively, "Defendants") hereby move for an Order dismissing the First Amended Complaint ("FAC") for copyright infringement filed by Plaintiffs Christopher Edward Cope, Christopher Edward Montague, Fabian Andres Acuna, Adam Spencer Kampf, and Denton Bedward (collectively, "Plaintiffs") on September 19, 2022, in its entirety.

In the FAC, Plaintiffs allege that Defendants' musical composition and sound recording "Levitating," embodying the performance of Dua Lipa, infringes Plaintiffs' copyright in the musical composition entitled "Live Your Life." However, the FAC fails to comply with the most basic pleading requirements of the Federal Rules as applied to copyright infringement actions.

First, the FAC fails to allege under any plausible theory that the writers of "Levitating" had access to "Live Your Life" prior to creating "Levitating." As discussed below, Plaintiffs must allege facts demonstrating those writers had a *reasonable possibility* of access to "Live Your Life" prior to creating "Levitating" either by demonstrating that "Live Your Life" was widely disseminated prior to the creation of "Levitating" or by alleging a chain of events linking "Live Your Life" to the "Levitating" writers. But Plaintiffs do not allege such facts. Instead, Plaintiffs assert vague allegations of purported unspecified performances and sales of "Live Your Life" with no detail whatsoever regarding the size, location, date, or number of the alleged performances, or the quantity, date and location of the purported sales of "Live Your Life." And while Plaintiffs also attempt to plead access through the alleged dissemination of "Live Your Life" on the Internet, they

---

[1] Unless noted, all emphasis is added and all citations and quotation marks omitted.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

Mitchell
Silberberg &
Knupp LLP

also fail to provide a single fact or detail as to the number of streams or downloads of the work.  Similarly, Plaintiffs' tortuous chain of events allegations are based on many degrees of separation and are far too attenuated to plead any "reasonable possibility" of the "Levitating" writers' access to "Live Your Life."  In other words, even if true, Plaintiffs' access allegations could not, as a matter of law, establish that the writers of "Levitating" had a reasonable opportunity to hear "Live Your Life" prior to creating "Levitating."

Second, Plaintiffs fail to allege a single fact that identifies what material from "Live Your Life" is copied in "Levitating."  Instead, Plaintiffs merely conclusorily allege purported similarities between the two works without any factual detail whatsoever.  As discussed below, Plaintiffs must allege facts that could support a claim under the United States Copyright Act for infringement of their alleged copyright, including, but not limited to, facts that demonstrate any substantial similarities in original, protectable elements between "Live Your Life" and "Levitating."  But the FAC contains nothing more than blanket legal conclusions unsupported by any facts, such as: "'Live Your Life' and 'Levitating' are substantially similar in their main melodic theme, supportive harmonies, and accompaniment" and "are both set to minor keys and have similar tempos and overall feel or style."  FAC, ¶¶ 27-28.  These conclusory allegations are insufficient to state a claim for copyright infringement.

As this Court is aware, this is Plaintiffs' second attempt at pleading a copyright infringement claim.  Plaintiffs' Initial Complaint (ECF 1) similarly failed to allege any facts regarding the purported similarities between the works at issue (alleging only that "'Levitating' is substantially similar to 'Live Your Life.'"  *Id.*, ¶ 18), or that Defendants had access to "Live Your Life" prior to the creation of "Levitating."  Prior to Plaintiffs' filing of the FAC, the parties met and conferred regarding the Initial Complaint, and Defendants put Plaintiffs on express notice of their deficient substantial similarity and access allegations.  Plaintiffs then

amended the Initial Complaint as of right, and still failed to plausibly allege that the "Levitating" writers had access to "Live Your Life" prior to the creation of "Levitating" or to provide any factual or musicological support that "Levitating" infringes any protectable expression in "Live Your Life."  Defendants submit that Plaintiffs' failure to allege such facts is intentional, because Plaintiffs know that they cannot plead that the "Levitating" writers had the requisite access to "Live Your Life" or that any actionable similarities exist between "Live Your Life" and "Levitating."

The FAC should be dismissed.

## II.    FACTUAL BACKGROUND[2]

Plaintiffs initiated this copyright infringement action against Defendants on March 1, 2022.  ECF 1.  Following a meet and confer in which Defendants raised deficiencies in Plaintiffs' pleading (including as to Plaintiffs' substantial similarity and access allegations), Plaintiffs filed the FAC on September 19, 2022.  ECF 52.

Plaintiffs allege that they are the authors and copyright owners of a musical composition entitled "Live Your Life."  FAC, ¶¶ 14-15 & Ex. A.  Plaintiffs allege that Defendants' musical composition and sound recording "Levitating" infringes Plaintiffs' copyright interests in the musical composition "Live Your Life."[3]  *Id*., ¶¶ 14-30.  Plaintiffs have asserted their claim for infringement against the four writers of "Levitating"—Dua Lipa, Clarence Coffee, Sarah Hudson, and Stephen

---

[2] Any facts and/or allegations set forth herein taken from the FAC are presumed to be true solely for purposes of this Motion.

[3] There are two types of musical works: sound recordings and their underlying musical compositions.  Each are separate works with their own distinct copyrights.  A musical composition consists of rhythm, harmony, melody, and structure captured in written form.  *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004).  A musical composition copyright protects the sound that would necessarily result from any performance of the piece.  *Id*.  A sound recording, on the other hand, is the sound produced by a performer's rendition of a musical composition.  *Id*.  In this case, only the musical composition "Live Your Life" is at issue; there is no allegation that the sound recording of "Live Your Life" was sampled or otherwise infringed.

Mitchell
Silberberg &
Knupp LLP

3

Kozmeniuk—and the record company that released the sound recording thereof, Warner.

### A.   The FAC's Insufficient Access Allegations

The FAC fails to plead sufficient factual allegations regarding the "Levitating" writers' purported access to "Live Your Life" prior to the creation of "Levitating."  Plaintiffs appear to allege access based on two theories: widespread dissemination and chain of events.  Both access theories fail to state a claim for copyright infringement.

Plaintiffs' widespread dissemination allegations are based on (i) Plaintiffs' alleged performances of "Live Your Life" at *unspecified venues in Florida* to *audiences of unspecified size* from March 31, 2017 until August 28, 2018 (FAC, ¶ 18); (ii) the alleged sale of only *several hundred* physical copies of *Smoke and Mirrors* (the album containing "Live Your Life") at a *local music store* and to audiences of *unspecified size* at the various *unspecified venues* at which Plaintiffs performed (*id.*, ¶ 23); (iii) the use of "Live Your Life" in a video commercial for a "Beerfest" in Delray Beach, Florida which promoted local bars and restaurants (*id.*, ¶ 21); (iv) the *Smoke and Mirrors* EP charting at #2 on Billboard's Reggae chart in April 2017 (*id.*, ¶ 19); and (v) the availability of "Live Your Life" for streaming and/or download on various online platforms (*id.*, ¶ 22-23).

Plaintiffs' "chain of events" access allegations appear to be based on the following alleged facts: (i) Defendant Coffee is a member of a production team that originated in Miami, Florida which produced ***an entirely different song*** on Dua Lipa's album (***not*** "Levitating"), entitled "Break My Heart" (FAC, ¶¶ 24-25), and (ii) Ali Tamposi, who is alleged to be one of the co-writers of "Break My Heart" (***but not "Levitating"***), was taught guitar by Plaintiff Cope's brother in law and is connected to Cope on Facebook (where Cope posted unspecified news about Plaintiffs' reggae band) (*id.*, ¶ 26).  None of these allegations, even if true, would

Mitchell
Silberberg &
Knupp LLP

4

establish that the writers of "Levitating" had a reasonable opportunity to hear "Live Your Life" prior to creating "Levitating."

### B.   The FAC's Insufficient Substantial Similarity Allegations

Nowhere in the FAC are there any factual allegations regarding alleged similarities between original, protectable elements of "Live Your Life" and "Levitating." The only allegations proffered are the following vague, boilerplate labels and conclusions: "'Live Your Life' and 'Levitating' are substantially similar in their main melodic theme, supportive harmonies, and accompaniment" and "are both set to minor keys and have similar tempos and overall feel or style." FAC, ¶¶ 27-28.

As noted above, the parties met and conferred following the filing of Plaintiffs' Initial Complaint and prior to the filing of the FAC regarding the pleading deficiencies present in the Initial Complaint. During that meet and confer, Defendants specifically addressed the deficiencies in Plaintiffs' substantial similarity and access allegations. Even after being put on notice of same, Plaintiffs still failed to properly allege substantial similarity and access in filing the FAC. The FAC should be dismissed in its entirety.

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint when it does not contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). While the Federal Rules of Civil Procedure do not require "detailed factual allegations," a pleading that offers mere "labels and

Mitchell Silberberg & Knupp LLP

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. To the contrary, to survive a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ascertaining whether there is a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a court must accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff, "[f]or an allegation to be entitled to the assumption of truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion." *Maiden v. Finander*, 2013 WL 5969840, at *2 (C.D. Cal. Nov. 6, 2013) (citing *Iqbal*, 556 U.S. at 678-79); *see also Twombly*, 550 U.S. at 556. As such, "[t]he Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Maiden*, 2013 WL 5969840, at *2; *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to allege access or delineate the basis upon which they claim that two works are substantially similar. *See, e.g.*, *Hayes v. Minaj*, 2012 WL 12887393, at *3-5 (C.D.

Mitchell
Silberberg &
Knupp LLP

6

Cal. Dec. 18, 2012) (dismissing copyright claim regarding musical work where complaint failed to adequately allege substantial similarity and access); *Shaheed-Edwards v. Syco Entm't, Inc.*, 2017 WL 6403091, at *3 (C.D. Cal. Dec. 14, 2017) ("merely conclusory" allegations of similarity between musical works "fail[] to state a claim for copyright infringement") (dismissing copyright claim); *Evans v. McCoy-Harris*, 2019 WL 1002512, at *3 (C.D. Cal. Jan. 4, 2019) (dismissing copyright claim for failure to plead substantial similarity: "conclusory statements do not satisfy *Iqbal*'s pleading standard"); *Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 621 (9th Cir. 2017) (affirming grant of motion to dismiss: "[w]ithout specific allegations that any Subaru employee viewed any of the publications in which her designs were featured or that the publications were widely disseminated to the general public, Mintz has not plausibly alleged that Subaru had access to her works."); *Star Fabrics, Inc. v. Wet Seal, Inc.*, 2014 WL 12591271, at *3-4 (C.D. Cal. Dec. 2, 2014) (granting motion to dismiss for failure to plead access via chain of events or widespread dissemination).[4]

The FAC should be dismissed because Plaintiffs utterly fail to allege any facts that, even if true, could establish access; nor do the FAC's allegations remotely satisfy the standard for pleading substantial similarity. These conclusory and vague allegations are insufficient to state a claim for copyright infringement.

## IV. THE FAC FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of protected aspects of the

---

[4] *See also Arnett v. Jackson*, 2017 WL 3493606, at *3 (E.D.N.C. Aug. 14, 2017) (granting motion to dismiss with prejudice where plaintiff failed to sufficiently allege access); *Feldman v. Twentieth Century Fox Film Corp.*, 723 F. Supp. 2d 357, 366 (D. Mass. 2010) (dismissing copyright infringement claim because plaintiff "failed to allege facts sufficient to demonstrate reasonable opportunity of access"); *Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 328 (S.D.N.Y. 2021) (granting motion to dismiss based on failure to sufficiently plead access).

work.  *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020); *Loomis v. Cornish*, 836 F.3d 991, 994 (9th Cir. 2016).  Regarding the latter element, "[a]bsent direct evidence of copying," Plaintiffs must prove that: (1) the "Levitating" writers had access to "Live Your Life" before creating "Levitating" and (2) "Live Your Life" and "Levitating" are substantially similar in original, protectable expression.  *Loomis*, 836 F.3d at 994; *Skidmore*, 952 F.3d at 1064; *see also Funky Films, Inc. v. Time Warner Enm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006).

Plaintiffs fail to sufficiently plead either element of their infringement claim.  The FAC should be dismissed.

## A.    <u>Plaintiffs Fail To Adequately Allege Access</u>

Plaintiffs fail to adequately allege that the writers of "Levitating" had access to "Live Your Life" before creating "Levitating."  In the copyright context, access means that the creators of the allegedly infringing work had "an opportunity to view or to copy plaintiff's work."  *Loomis*, 836 F.3d at 995.  "[A] plaintiff must show a ***reasonable possibility***, not merely a bare possibility, that an alleged infringer had the chance to view the protected work."  *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).  Put differently, a reasonable opportunity requires more than mere speculation or conjecture and "does not encompass any bare possibility in the sense that anything is possible."  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) (quoting 4 Nimmer on Copyright § 13.02[A] (1999)).

Access can be proven through direct evidence of access or, "[w]here there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated."  *Loomis*, 836 F.3d at 995.  Here, Plaintiffs do not allege direct access.  Instead, Plaintiffs attempt to allege access based on the purported

widespread dissemination of "Live Your Life" and through purported circumstantial evidence establishing a chain of events linking "Live Your Life" to the "Levitating" writers.  Plaintiffs fail to state a claim under either theory.

### 1. Plaintiffs Fail To Sufficiently Plead Access Through The Purported Widespread Dissemination Of "Live Your Life"

In order to plead widespread dissemination, a plaintiff must allege its work "*saturat[ed]* a relevant market *in which both the plaintiff and the defendant participate[d]*."  *Loomis*, 836 F.3d at 997.  Widespread dissemination "centers on the degree of a work's commercial success and on its distribution through radio, television, and other relevant mediums."  *Id.*  In that regard, "the public dissemination necessary to infer that a defendant might have had access to the work is considerable."  *Loomis v. Cornish*, 2013 WL 6044345, at *10 (C.D. Cal. Nov. 13, 2013), *aff'd*, 836 F.3d 991.  "As a general matter, in order for a work to be widely disseminated, *it must achieve a high degree of commercial success* or be readily available in the market."  *Id.* (collecting cases).

Plaintiffs' widespread dissemination theory is based on: (i) Plaintiffs' alleged performances of "Live Your Life" at *various unspecified venues in Florida* to *audiences of unspecified size* from March 31, 2017 until August 28, 2018 (FAC, ¶ 18); (ii) the alleged sale of only *approximately several hundred* physical copies of *Smoke and Mirrors* at a *local music store* and to audiences of *unspecified size* at the various *unspecified venues* at which Plaintiffs allegedly performed (*id.*, ¶ 23); (iii) the use of "Live Your Life" in a video commercial for a "Beerfest" in Delray Beach, Florida which promoted local bars and restaurants (*id.*, ¶ 21); (iv) the *Smoke and Mirrors* EP containing "Live Your Life" charting at #2 on Billboard's Reggae chart in April 2017 (*id.*, ¶ 19); and (v) the availability of "Live Your Life" for streaming and/or download on various online platforms (*id.*, ¶ 22-23).  Even if true, these allegations do not sufficiently allege that "Live Your Life" was so

widely disseminated as to make it reasonably possible that the "Levitating" writers had the opportunity to hear it before creating "Levitating."

> **a.** **Plaintiffs' Vague Allegations Of Unspecified Performances And Sales Of "Live Your Life" And Alleged Critical Acclaim Are Insufficient**

Plaintiffs' allegations as to their purported performances and sales of "Live Your Life" fail to sufficiently plead widespread dissemination.  Plaintiffs do not plead any details whatsoever regarding the size, location, date, or number of alleged performances that took place, or the quantity, date and location of the purported sales of "Live Your Life."  Instead, the FAC only conclusorily and vaguely alleges that, during an approximate one-year period, "Live Your Life" was allegedly performed "*in numerous venues*" and its album sold "*approximately several hundred* physical copies at a *local music store* and to audiences at the various venues at which it played." FAC, ¶¶ 18, 23.  These allegations are insufficient.  *See, e.g.*, *Klauber Brothers, Inc. v. P.J. Salvage*, 2018 WL 6984817, at *4 (C.D. Cal. Oct. 30, 2018) (dismissing complaint that did not state "the approximate quantity of products sampled and sold, the approximate number of parties in the fashion and apparel industries to whom the Lace Designs were distributed, the channel(s) of distribution, the approximate time of this distribution and whether that was before or after Defendants' purported infringing activities"); *Star Fabrics*, 2014 WL 12591271, at *4 (no widespread dissemination alleged where plaintiff "does not allege the approximate quantity of fabric bearing the design that it has distributed [or] the approximate number of parties in the fashion and apparel industries to whom it has distributed the design").[5]

---

[5] Even assuming that Plaintiffs' allegation as to several hundred sales of its album is true, that allegation would likewise fail to support a widespread dissemination theory.  *See, e.g.*, *Art Attacks Ink*, 581 F.3d at 1144 (T-shirt design not widely disseminated where plaintiff sold 2,000 shirts a year and displayed the design at fair booths and store kiosks); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003) (no widespread dissemination where plaintiff sold 17,000 copies of a

1      Importantly, the FAC alleges that such performances and hard copy sales

2   took place *in Florida*.  *See, e.g.*, *id.*, ¶ 18 (performances "principally in Florida");

3   ¶ 21 ("video commercial for Delray Beach, Florida's 'Beerfest 2018,' which

4   promoted tours of local bars and restaurants"); ¶ 23 (album sold "at a local music

5   store and to audiences at the various venues at which it played").  The FAC is

6   devoid of any facts alleging that the "Levitating" writers attended or were aware of

7   these performances, or that they participated in the "local" Florida music scene in

8   which Plaintiffs participated.  Indeed, the FAC does not allege any facts

9   connecting the "Levitating" writers to Florida whatsoever.

10      These allegations cannot reasonably satisfy Plaintiffs' pleading obligations.

11   Courts consistently reject access based on purported widespread dissemination

12   where, like here, a plaintiff's work only reached a limited audience.  In that regard,

13   the Ninth Circuit's decision in *Loomis v. Cornish* is directly on point.  In *Loomis*,

14   the plaintiff argued access based on the fact that the defendant songwriters were in

15   Santa Barbara for writing sessions at the time when Santa Barbara was "saturated"

16   with the allegedly infringed work through "tons of airplay" on local radio stations

17   and due to various newspapers writing stories about the plaintiff's band's

18   achievements.  836 F.3d at 998.  The Court held that these facts could not establish

19   access through widespread dissemination as a matter of law:

20          [The defendants] were not participating in the relevant

21          market—the Santa Barbara local music scene—during

22          their brief stay in Santa Barbara. Their production

23          responsibilities had nothing to do with listening to local

24          radio, reading local press, or scouting local bands, and

25          there was no evidence that they undertook any other

26   

27   video over a 13-year period); *Jason v. Fonda,* 526 F. Supp. 774, 776-77 (C.D. Cal.
    1981) (book sales of no more than 2,000 copies nationwide and no more than 700
28   copies in Southern California were insufficient).

1               activity in that market that created a reasonable

2               possibility of access to Bright Red Chords. Although

3               there was a *bare possibility* that they heard Bright Red

4               Chords on the radio, or that they read about Loomis and

5               the Lust in a magazine in the break room of Playback

6               Studios, or that they picked up one of Loomis's

7               promotional CDs while at Playback, that is not enough to

8               raise a triable issue of access.

9  *Id*.  Numerous other cases are in accord.  *See, e.g.*, *Guzman v. Hacienda Records &*

10  *Rec. Studio, Inc*., 2014 WL 6982331, at *2, 5-6 (S.D. Tex. Dec. 9, 2014), *aff'd* 808

11  F.3d 1031 (5th Cir. 2015) (no widespread dissemination or access where plaintiff's

12  song was performed for many years "at dance halls, concerts, and weddings in

13  Corpus Christi and surrounding towns" and "did not achieve popularity outside of

14  the Tejano music scene"); *Batiste v. Lewis*, 976 F.3d 493, 503-04 (5th Cir. 2020)

15  (no access under either a widespread dissemination or chain of events theory where

16  plaintiff's record "show[ed] meager sales in only a handful of local stores[,]" and

17  defendants' performance near a store where plaintiff's records were sold created

18  only a "bare possibility of access"); *Loomis*, 2013 WL 6044345, at *11 ("evidence

19  of small circulation . . . or local air time without other proof of access is generally

20  not enough to demonstrate a reasonable possibility of access"); *McRae v. Smith*,

21  968 F. Supp. 559, 565 (D. Co. 1997) (performances in Colorado and Wyoming

22  insufficient to establish access where defendants were not in those States at the

23  time).

24        Plaintiffs' allegation that the *Smoke and Mirrors* EP containing "Live Your

25  Life" charted at #2 on Billboard's Reggae chart ***for a single month*** in April 2017

26  also is not probative of the *reach* of "Live Your Life."  All this alleged fact may

27  show is that the name of the album—and not the specific song "Live Your Life"—

28  appeared on a chart in a niche genre of music.  Again, Plaintiffs have not alleged

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

that the writers of "Levitating" participate in the reggae genre.  Thus, it is nothing more than sheer speculation to assume that the "Levitating" writers saw the name of Plaintiffs' album on Billboard, sought the album out, and then listened to every single song on the album, including "Live Your Life."

    **b.**  **The Mere Availability Of "Live Your Life" On The Internet Is Insufficient To Allege Widespread Dissemination**

    Plaintiffs' allegations that "Live Your Life" was available to stream and/or download on the Internet likewise fail to sufficiently plead access.  Plaintiffs vaguely allege that "Live Your Life" "appeared on a variety of streaming services" and was "available online both via streaming and downloads" from 2017-2018.  FAC, ¶¶ 22, 23.  Tellingly, however, Plaintiffs again fail to allege any facts as to how many streams and/or downloads of "Live Your Life" took place during that one-year period.  Plaintiffs' failure to plead any such facts is fatal to their claim.

    Indeed, "[t]he availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through widespread dissemination." *Loomis*, 2013 WL 6044345, at *12; *Batts v. Adams*, 2011 WL 13217923, at *4 (C.D. Cal. Feb. 8, 2011) ("[T]he posting of videos and/or songs on YouTube, Amazon.com, and iTunes by an unknown singer . . . is hardly 'widespread' [dissemination] and, in fact, is quite limited, and clearly insufficient to support a finding of access").

    Here, Plaintiffs have alleged nothing more than the "mere availability" of "Live Your Life" online.  Plaintiffs have provided zero facts as to the scope of the alleged distribution of "Live Your Life" on the Internet.  Such bare assertions of internet presence are insufficient to plead widespread dissemination. *See, e.g.*, *Clanton*, 556 F. Supp. 3d at 328 (granting motion to dismiss: "[a]s a matter of law, the fact that the Subject Composition was posted on the internet is insufficient on its own to show 'wide dissemination.' Were it otherwise, any work that any person uploaded publicly to the internet would have to be considered sufficiently 'widely

disseminated' to give rise to an inference that every person had heard it—an inference that would be plainly unreasonable."); *Minaj*, 2012 WL 12887393, at *5 ("[T]he mere fact that the video was placed on YouTube does not establish it was disseminated widely.") (granting motion to dismiss on access grounds); *Hayes v. Keyes*, 2014 WL 12586731, at *2 (C.D. Cal. Nov. 10, 2014) ("Plaintiffs' sole allegation with regard to access is that the work was uploaded to YouTube in 2009. However, this does not imply it was disseminated widely, and the Complaint provides no facts to support such an inference.") (granting motion to dismiss).

### 2.   Plaintiffs' "Chain of Events" Allegations Also Fail To Sufficiently Allege Access

The FAC also fails to plausibly allege access through a particular chain of events.  The FAC merely alleges that (i) Defendant Coffee is a member of a production team that originated in Miami, Florida, which team produced ***an entirely different song*** on Dua Lipa's album (***not*** "Levitating"), entitled "Break My Heart" (FAC, ¶¶ 24-25), and (ii) one of the co-writers of "Break My Heart," non-party Ali Tamposi, was taught guitar by Plaintiff Cope's brother in law and is also connected to Cope on Facebook (where Cope posted unspecified news about Plaintiffs' band) (*id.*, ¶ 26).

Plaintiffs' tortured chain of events allegations are insufficient to raise a reasonable possibility that the writers of "Levitating" had access to "Live Your Life" prior to the creation of "Levitating."  They amount to nothing more than a speculative, attenuated theory based on numerous degrees of separation, none of which establish any link—let alone a concrete link—between the writers of "Levitating" and "Live Your Life."  Plaintiffs are essentially seeking to plead access by alleging that someone who knows someone who knows someone *might* have met one of the "Levitating" writers, without alleging how or whether any writer of "Levitating" became aware of "Live Your Life" through any such chain.  Indeed, Plaintiffs do not even allege that Ms. Tamposi was familiar with "Live

Your Life"—let alone that she provided any writer of "Levitating" with an opportunity to hear it.  *See, e.g.*, *Ronk v. Hudson*, 2022 WL 3013214, at *7 (C.D. Cal. Feb. 23, 2022) ("Plaintiff fails to allege facts showing ***each link in the chain of events*** leading to [Defendants'] access") (granting motion to dismiss for failure to plausibly plead chain of events).  Simply put, these allegations fail to establish any nexus between the "Levitating" writers and "Live Your Life."  Plaintiffs' chain of events allegations thus fail as a matter of law.  *See, e.g.*, *Star Fabrics, Inc.*, 2014 WL 12591271, at *3-4 ("Because the Complaint fails to allege any *concrete facts specifically linking* The Wet Seal to the protected design, Star has not adequately alleged access by a chain of events."); *Klauber Brothers*, 2018 WL 6984817, at *4 (complaint lacked "specific factual support" for chain of events access theory and "fail[ed] to allege any concrete facts specifically linking Defendants' activities to the Lace Designs"); *Minaj*, 2012 WL 12887393, at *3 ("[T]he pleadings fail to set forth any chain of events connecting the video to Minaj or Viacom.  For instance, Plaintiff fails to explain how Minaj or Viacom would have known the video was available on YouTube"); *Art Attacks Ink*, 581 F.3d at 1143-44 (no chain of events where plaintiff proffered evidence that one of defendant's decision-makers attended a county fair where plaintiff displayed its designs because there was no evidence the decision-maker saw the design or visited the fair during the relevant time period).

                    *          *          *

        The FAC's access allegations are wholly insufficient to plead access under either a widespread dissemination or chain of events theory.  These allegations, even if true, could not even establish a "bare possibility" of access (which itself would be insufficient).  They certainly do not give rise to the requisite *reasonable* inference that writers of "Levitating" had a *reasonable* opportunity to hear "Live Your Life" prior to creating "Levitating."  The FAC should be dismissed on this ground.

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

### B.      <u>Plaintiffs Fail To Adequately Allege Substantial Similarity</u>

The Ninth Circuit applies a "two-part test to determine whether the defendant's work is substantially similar to the plaintiff's copyrighted work." *Skidmore*, 952 F.3d at 1064.  "The first part, the extrinsic test, compares the objective similarities of specific expressive elements in the two works," while "distinguish[ing] between the protected and unprotected material in a plaintiff's work."  *Id*.  "The second part, the intrinsic test, 'test[s] for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance.'"  *Id*.  At the pleading stage, only the extrinsic component is at issue. *Basile v. Sony Pictures Entm't, Inc.*, 2014 WL 12521344, at *3 (C.D. Cal. Aug. 1, 2014).  As explained below, the FAC must be dismissed due to Plaintiffs' failure to properly allege substantial similarity.

Plaintiffs' FAC contains zero factual identification of any materials from "Live Your Life" that are allegedly infringed in "Levitating."  Courts consistently recognize that where a plaintiff fails to allege substantial similarity between the allegedly infringed work and the allegedly infringing work through non-conclusory facts, he or she fails to state a claim for copyright infringement.  Indeed, "the extrinsic test demands more than listing elements in vague and conclusory fashion; it requires a plaintiff to 'compar[e] those elements for proof of copying.'"  *Minaj*, 2012 WL 12887393, at *4 (granting motion to dismiss where "Plaintiff fail[ed] to compare the elements, or constellation of elements, from the two works," and thus, "the Court ha[d] no factual basis to infer that the protected elements of the songs [were] substantially similar under the extrinsic test.").

Plaintiffs fail to plead the existence of ***any protectable*** similarities at all, much less substantial ones, that exist between "Live Your Life" and "Levitating." Plaintiffs' sole allegations regarding the purported similarities between the works at issue are devoid of a shred of factual detail and are entirely conclusory in nature. Indeed, Plaintiffs allege only that "'Live Your Life' and 'Levitating' are

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC**

Mitchell
Silberberg &
Knupp LLP

substantially similar in their main melodic theme, supportive harmonies, and accompaniment" and "are both set to minor keys and have similar tempos and overall feel or style."  FAC, ¶¶ 27-28.  No facts whatsoever are provided regarding any alleged musical similarity.  Indeed, use of the minor key and tempo are not protectable, so those allegations are irrelevant to any substantial similarity analysis. *Gray v. Hudson*, 28 F.4th 87, 98 (9th Cir. 2022) ("[N]o person may copyright the minor scale, as such scales are common musical building blocks belonging to the public"); *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548 (S.D.N.Y. 2000) (describing tempo as "non-protectible musical element[]").

Plaintiffs' failure to allege how "Live Your Life" and "Levitating" are in any way substantially similar in protectable expression is fatal to Plaintiffs' infringement claim.  *See, e.g.*, *Shaheed-Edwards*, 2017 WL 6403091, at *3 ("Plaintiffs' allegations that the chorus, concept, and cadence of the two songs are similar are merely conclusory and cannot be sustained without more specificity. Accordingly, Plaintiffs have failed to state a claim for copyright infringement based on substantial similarity between the two works."); *McCoy-Harris*, 2019 WL 1002512, at *3 ("conclusory statement" that "*Finding Boaz* contains 'portions' of [plaintiff's] screenplays … do[es] not satisfy *Iqbal*'s pleading standard" where "Plaintiff makes no effort to compare the copyrightable elements of *Finding Boaz* with either of the Works"); *Evans v. NBCUniversal Media, LLC*, 2021 WL 4513624, at *5 (C.D. Cal. July 23, 2021) (allegations that "film copied numerous copyrightable elements of Plaintiff's work" including "the title and medium of the screenplay, dialogue, structure, themes, choices of shots, camera, angles, colors, lighting, textual descriptors, and other artistic and expressive elements of Plaintiff's work" were "conclusory allegations [that] do not satisfy *Iqbal*'s pleading standards").[6]

---

[6] *See also Hines v. Roc-A-Fella Recs., LLC*, 2020 WL 1888832, at *4 (S.D.N.Y. Apr. 16, 2020) ("The complaint in this case entirely fails to identify which

Pleading requirements exist for a reason. Defendants are entitled to be apprised of specific allegations of the protectable expression that is allegedly infringed by their work. Without such a requirement, infringement claims would become moving targets, with copyright plaintiffs vaguely alleging similarities at the pleading stage with leeway to change and shift their theory as they please in discovery. *See Martinez v. McGraw*, 2010 WL 1493846, at *6 (M.D. Tenn. Apr. 14, 2010) ("[W]hen a party fails to delineate the basis upon which a plaintiff claims two works are 'substantially similar,' it is 'impossible for Defendants to answer or defend against Plaintiff's claim,' and Plaintiff's claim must be dismissed."). The need for a clear understanding of what is alleged to be infringed at the pleadings stage has only been further underscored by the Ninth Circuit's recent seminal decisions in *Skidmore v. Led Zeppelin* and *Gray v. Hudson*, which reinforced that similarities based on the common use of basic musical building blocks, either alone or in combination, are not actionable. *See Skidmore*, 952 F.3d at 1069 ("Nor does copyright extend to 'common or trite' musical elements . . . or 'commonplace elements that are firmly rooted in the genre's tradition,' . . . These building blocks belong in the public domain and cannot be exclusively appropriated by any particular author."); *Gray*, 28 F.4th at 101-102 ("[T]he portion of the Joyful Noise ostinato that overlaps with the Dark Horse ostinato consists of a manifestly conventional arrangement of musical building blocks … both employ the pitch progression 3-3-3-3-2-2 played in a completely flat rhythm. This

---

elements of 'Help Me' were infringed or which elements of 'Paper Chase' and 'Toe 2 Toe' are infringing. The complaint contains only broad allegations of similarity. These 'vague and general allegations of similarity' do not suffice.")); *Broughel v. Battery Conservancy*, 2010 WL 1028171, at *2 (S.D.N.Y. 2010) (plaintiff denied leave to re-assert copyright infringement where plaintiff did not "articulate with any specificity . . ., what aspect of any images used by the defendant make them legally similar to her own copyrighted works."); *Perry v. Mary Ann Liebert, Inc.*, 2018 WL 2561029, at *5 (S.D.N.Y. June 4, 2018) ("Plaintiff's copyright infringement claim is dismissed for failure to plausibly plead which aspect of the Pierce Article infringed a protectable aspect of her Dissertation and how those aspects are substantially similar.").

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FAC

Mitchell
Silberberg &
Knupp LLP

combination is unoriginal because it is really nothing more than a two-note snippet of a descending minor scale, with some notes repeated.").

The need for clarity as to the scope of Plaintiffs' claims is even more critical here in light of the similar action against Defendants pending in the Southern District of New York, entitled *Larball Music Publishing, et al. v. Dua Lipa, et al.*, Case No. 22-cv-1872 (the "*Larball* Action").[7]  In the *Larball* Action, the plaintiffs have alleged that the same musical composition and sound recording "Levitating" infringe *their* alleged rights in different works, namely two musical compositions entitled "Don Diablo" and "Wiggle and Giggle All Night."  Since both cases assert infringement claims based on Defendants' creation and exploitation of "Levitating," it is crucial that Defendants be provided sufficient notice of the alleged similarities asserted by Plaintiffs, so that they can fully assess whether and to what extent there is overlap as to the musical materials claimed to be infringed in each action.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss the FAC.

DATED: November 14, 2022

DAVID A. STEINBERG
GABRIELLA N. ISMAJ
MITCHELL SILBERBERG & KNUPP LLP


By:  /s/ David A. Steinberg
　　　David A. Steinberg
　　　Attorneys for Defendants
　　　Warner Records Inc., Dua Lipa,
　　　Clarence Coffee, Jr., Sarah Hudson,
　　　and Stephen Kozmeniuk

---

[7] Defendants are simultaneously filing a motion to transfer this action to the Southern District of New York, so that this action may be deemed related and/or consolidated with the *Larball* Action.  Defendants respectfully request that the Court defer adjudication of this motion to dismiss until after its adjudication of Defendants' transfer motion.  In the event this Court grants Defendants' motion to transfer, Defendants submit that it would be appropriate to have the Court sitting in the Southern District of New York adjudicate this motion to dismiss.