UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER EDWARD COPE; CHRISTOPHER EDWARD MONTAGUE; FABIAN ANDRES ACUNA; ADAM SPENCER KAMPF; and DENTON BEDWARD,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER RECORDS, INC.; DUA LIPA; CLARENCE COFFEE, JR.; SARAH HUDSON; and STEPHEN KOZMENUIK,<br><br>Defendants. | Case No. 2:22-cv-01384-SSS-ASx<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER [Dkt. 53] AND GRANTING DEFENDANTS' MOTION TO DISMISS [Dkt. 54].** |

Before the Court are Defendants' (Warner Records Inc., Dua Lipa, Clarence Coffee Jr., Sarah Hudson, and Stephen Kozmeniuk) motions to (1) transfer this action to the Southern District of New York, *see* 28 U.S.C. §1404(a) [Transfer Mot. (Dkt. 53)] and/or (2) dismiss the complaint for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6) [MTD (Dkt. 54)]. Both motions are fully briefed. [Opp. to Transfer (Dkt. 58); Transfer Reply (Dkt. 60)]; [MTD Opp. (Dkt. 59); MTD Reply (Dkt. 63)].

The Court has previously found the two motions appropriate for resolution without a hearing and taken them under submission. [Dkt. 61; Dkt. 68]; *see* Fed. R. Civ. P. 78; L.R. 7-15.

On February 16, 2023, the Court ordered the parties to provide supplemental briefing in connection with Defendants' motion to transfer. The parties were directed to address the limited question of whether Defendants were subject to personal jurisdiction in the proposed transferee forum. [Dkt. 62]. The supplemental briefing was timely submitted. [Suppl. Br. (Dkt. 64); Suppl. Opp. (Dkt. 67)].

For the reasons set forth below, the motion to transfer is **DENIED**. The motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

## I. BACKGROUND

Plaintiffs are members of the band "Artikal Sound System"[1] and owners of a registered copyright in the 2017 song "Live Your Life." They bring one cause of action for infringement under the federal copyright statute, USC Title 17, alleging that Defendants' composition "Levitating" infringes upon their copyright in "Live Your Life." [FAC (Dkt. 52)].

---

[1] Christopher Edward Cope, Christopher Edward Montague, Fabian Andres Acuna, Adam Spencer Kampf, and Denton Bedward.

## II. MOTION TO TRANSFER

Defendants move for discretionary transfer of this case to the United States District Court for the Southern District of New York so that it may be heard alongside or consolidated with the earlier-filed *Larball Music Publishing v. Dua Lipa*.[2] The *Larball* plaintiffs allege that "Levitating" violated their copyright in two other musical compositions, unrelated to "Live Your Life." [Transfer Mot. at 12-13].

Under the federal discretionary transfer statute, a "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 USC §1404(a). The district court's threshold inquiry in resolving a § 1404(a) motion concerns whether the action "might have been brought" in the proposed transferee district. *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013). An action "might have been brought" in a forum only if the forum would have had personal jurisdiction over each defendant at the time of filing. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).

A federal court's personal jurisdiction for this purpose extends to defendants who either (1) are domiciled or fairly considered "at home in" the district, or (2) are subject to specific personal jurisdiction under the applicable state long-arm statute. Here, all Defendants are concededly foreign to the proposed district. Defendants argue that their relevant business in the state is nevertheless sufficient to support personal jurisdiction under CPLR § 302(a)(1) of New York's long arm statute. *See Best Van Lines, Inc. v. Walker*, 490 F.3d

---

[2] Case No. 22-cv-1872.

239, 242 (2d Cir. 2007) (relevant long-arm statute for purposes of transfer motion is that of the transferee forum).

The provision allows a New York district court to "exercise personal jurisdiction over any non-domiciliary…who…transacts any business within the state or contracts anywhere to supply goods or services in the state." There must be a "articulable nexus" or "substantial relationship" between the plaintiff's claims and the in-state business transaction to support jurisdiction under the New York statute. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).

Defendants argue that jurisdiction is proper over individual songwriter Defendants based upon the licensing and royalty arrangements related to "Levitating" they have transacted through the New York organization American Society of Composers, Authors and Publishers ("ASCAP"). [Suppl. Br. at 3]. Defendants rely on *Vasquez v. Torres Negron* as support for the proposition that such a relationship with ASCAP may be sufficient to satisfy New York's jurisdictional nexus requirement. [Suppl. Br. at 3-4]; 434 F. Supp. 2d 199, 201-02 (S.D.N.Y. 2006). This reliance is misplaced.

In *Vasquez*, the court denied an out-of-state defendant's motion to dismiss for lack of personal jurisdiction, because it found the defendants' licensing-and-royalties contract with ASCAP was sufficiently related to plaintiff's copyright claim to support specific personal jurisdiction. There, however, the plaintiff alleging jurisdiction had provided a copy of the defendant's contract with ASCAP and described its terms with particularity in the briefing. This additional evidence and analysis enabled the court to review the agreement, determine that it "related specifically to" the allegedly infringing composition, and find specific jurisdiction under CPLR § 302(a)(1). *See* 434 F.Supp.2d at 202.

1    By contrast, the songwriter-defendants asserting jurisdiction here have provided neither evidence of their ASCAP contracts nor any useful description of them. [*See* Steinberg Decl. (Dkt. 46) and exhibits; Suppl. Br. at 4]. Without any information about the terms of the parties' agreements, the Court cannot conclude that those agreements sufficiently relate to the activities that are alleged to violate Plaintiffs' copyright.

Because the Court concludes jurisdiction is not authorized under the state long arm statute, it need not reach the question of whether such exercise would comport with the Fourteenth Amendment's due process requirements. *Fahey v. Breakthrough Films & Television Inc.*, No. 21-3208, 2022 WL 4547438 at *6 (S.D.N.Y. Sept. 29, 2022), citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).

Songwriter-defendants' failure to establish jurisdiction in New York is independently fatal to the Defendants' joint §1404 motion. Nevertheless, the Court notes that Defendants' separate explanation of the basis for long-arm jurisdiction over Warner in New York is similarly too vague to establish the required nexus.

Defendants contend that Warner generally "transacts business" from an office located in New York, that such business "includ[es] negotiating and executing licensing deals for all of Warner's recorded music catalog," and that Warner's catalog includes "Levitating" in this case. Defendants do not make any specific representation that business pertaining to the song is conducted in or by the New York office. Absent such a contention, Defendants have failed to describe a nexus or relationship between its in-state activities and Plaintiffs' copyright claim as is required to establish specific jurisdiction.

///
///
///

1  For the foregoing reasons, Defendants' motion to transfer is DENIED.
2  Because Defendants have not met their burden to show that the requirements of
3  New York's long arm provision are satisfied, the Court need not reach the
4  parties' step-two arguments regarding the scope of specific jurisdiction
5  consistent with constitutional due process requirements.
6  The Court looks next to Defendants' motion to dismiss.

### III. MOTION TO DISMISS

**A.   Legal Standard**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint in whole or part for failure to state a claim upon which relief may be granted.

Evaluating a motion to dismiss, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Any ambiguities must be resolved in favor of the pleader. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).  However, dismissal is appropriate where the court finds that plaintiff has not alleged a cognizable legal theory or does not provide sufficient facts to support that theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010); *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

A district court generally may not consider any material beyond the pleadings when ruling on a motion to dismiss. Fed. R. Civ. P. 12(b)(6); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  This rule is subject to two exceptions.  First, under the "incorporation-by-reference" doctrine, the court may consider materials "properly submitted as part of the complaint." *Id.* at 688.  This encompasses exhibits cited in and attached to the complaint, as well as any other materials on which the plaintiff's complaint "necessarily

relies" so long as their "authenticity ... is not contested." *Id*. Second, a court may consider extrinsic documents or facts that are judicially noticeable pursuant to Federal Rule of Evidence 201(d) ("The court may take judicial notice at any stage of the proceeding"). *See Khoja v. Orexigen Therapeutics Inc*., 899 F. 3d 988, 998 (9th Cir. 2018).

In accordance with the Federal Rules' liberal pleadings standards, a plaintiff should be granted leave to amend his complaint following a successful motion to dismiss unless the Court finds "undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Sharkey v. O'Neal,* 778 F.3d 767, 774 (9th Cir. 2015), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Discussion**

In order to prevail on their cause of action for copyright infringement, Plaintiffs will have to demonstrate (1) ownership; (2) copying; and (3) unlawful appropriation. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).

Here, Defendants move to dismiss due to pleading deficiencies with respect to the second and third prongs.

  **i. Copying**

Absent direct evidence, a copyright plaintiff may demonstrate copying by showing that defendant had access to the plaintiff's work *and* that there are "probative similarities" between plaintiff's and defendant's works. Access may be shown through allegations that either (1) that plaintiff's work was "widely disseminated" such that a factfinder could reasonably assume the alleged infringer had encountered the work in the relevant timeframe; or (2) describing a specific "chain of events linking the plaintiff's work and the defendant's access." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016).

-7-

1  Plaintiffs' complaint pursues both theories of access. However, for
2  reasons Defendants identify, neither is adequately pled.

*Widespread Dissemination*

Generally, "widespread dissemination centers on the degree of a work's commercial success and on its distribution through radio, television, and other relevant mediums." *Loomis*, 836 F.3d at 997. Allegations to demonstrate access via wide dissemination must allow the court to "infer plausibly that the alleged protected works reached an audience sufficiently large and diverse to render reasonable the possibility the alleged infringer himself is among that audience." *Segal v. Segel*, No. 20-1382, 2022 WL 198699 at *9 (S.D. Cal. Jan. 21, 2022).

Although the Ninth Circuit has not identified a specific threshold for the level of public engagement with a work required to establish widespread dissemination, its precedent indicates that a work's degree of commercial success or notoriety must be "substantial." *Woodland v. Hill*, No. 222-03930, 2022 WL 19250191 at *3 (C.D. Cal. Dec. 8, 2022) (collecting cases).

The FAC represents that from approximately March 2017 to April 2018, the period during which Defendants concededly wrote "Levitating," Plaintiffs performed "Live Your Life" at an unspecified number of live performances, mostly in Florida and sold "several hundred" physical copies of the CD on which "Live Your Life" appears. They also contend that their song was featured during this period in Billboard's Reggae chart, one Jamaican newspaper, and a video advertisement for a Delray Beach summer event called "2018 Beerfest." Finally, they note that "Live Your Life" is and has been widely available online via streaming platforms. [FAC at ¶¶ 18-23].

These allegations are not, either independently or taken together, enough to plead wide dissemination. Plaintiffs' failure to specify how frequently they performed "Live Your Life" publicly during the specified period, where these performances took place, and the size of the venues and/or audiences precludes

-8-

the Court from finding that Plaintiffs' live performances of the song plausibly contributed to its saturation of markets in which Defendants would have encountered it. Their vague allegations concerning CD sales are similarly deficient. *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003) (sale of 17,000 copies of protected video over thirteen years inadequate to establish wide dissemination); *see also Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1144-45 (9th Cir. 2009) (sale of 2,000 t-shirts with protected design inadequate).

Finally, the Court rejects Plaintiffs' premise that their song's availability through Internet streaming services offers meaningful support for an inference of access. Courts "in this Circuit and our sister Circuits have consistently held that the mere availability of a work online is insufficient to establish widespread dissemination." *Woodland*, 2022 WL 19250191 at *3, citing *Lois v. Levin*, No. 22-00926, 2022 WL 4351968 at *3 (C.D. Cal. Sept. 16, 2022); *Gray v. Perry*, No. 15-05642, 2018 WL 3954008 at *5 (C.D. Cal. Aug. 13, 2018) ("[T]he mere existence of copyrighted materials on YouTube and Myspace would not justify an inference of access."); *Design Basics, LLC v. Lexington Homes, Inc.,* 858 F.3d 1093, 1108 (7th Cir. 2017) ("[T]he existence of the plaintiff's copyrighted materials on the Internet, even on a public and 'user-friendly' site, cannot by itself justify an inference that the defendant accessed those materials.").

In sum, Plaintiffs' factual contentions are either too generic or too insubstantial to show access via widespread dissemination.

*Chain of Events Establishing Access*

Plaintiffs contend, alternatively, that Defendants could have had direct access to the copyrighted song through a qualifying "chain of events." They allege (1) that individual songwriter-defendant Coffee worked with a writer named Ali Tamposi on a different song in the same album in which Levitating appears, (2) that Tamposi was "taught guitar" by Plaintiff Cope's brother-in-

-9-

law, and (3) that Tamposi and Cope were connected on Facebook so that Tamposi would have seen posts about Cope's band. [FAC at ¶¶ 25, 26]. These attenuated links, which bear little connection to either of the two musical compositions at issue here, also do not suggest a reasonable likelihood that Defendants actually encountered Plaintiffs' song during the relevant time period.

As such, the Court concludes Plaintiffs have failed to plead Defendants' access to the work under either theory. Because they have not otherwise established copying, the claim is **DISMISSED WITH LEAVE TO AMEND.**

### ii. Appropriation

Defendants also argue that Plaintiffs' claim should be dismissed for failure to plead that the works are "substantially similar" so as to satisfy infringement's unlawful appropriation prong. While dismissing Plaintiffs' cause of action as set forth above, the Court rejects this alternative argument.

Substantial similarity is assessed using "a two-part analysis consisting of the 'extrinsic test' and the 'intrinsic test.'" *Skidmore*, 952 F.3d at 1118; *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.* 462 F.3d 1072, 1077 (9th Cir. 2006). The intrinsic test "examines an ordinary person's subjective impressions of the similarities between the two works," and is "exclusively the province of the jury." *Id.* On a motion to dismiss or for summary judgment, a court's inquiry is limited to questions of *extrinsic* substantial similarity. *Id.*

To determine extrinsic similarity, a court must "analytically dissect" the two works and evaluate their similarities on an "element-by-element basis." *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994). However, the analysis required by the extrinsic test differs depending on the form of the copyrighted work at issue. While literary works, television shows, and movies may be assessed according to an established rubric, the Ninth Circuit has observed that music as a medium is "not capable of ready

classification into only five or six constituent elements" but is instead "comprised of a large array of elements, some combination of which is protectable by copyright." *Swirsky v. Carey*, 376 F.3d 841, 848-49 (9th Cir. 2004). As such, the "application of the extrinsic test to musical works" is a "somewhat unnatural task, guided by relatively little precedent." *Id.*

Here, Plaintiffs allege that the two works are "substantially similar in their main melodic theme, supportive harmonies, and accompaniment"; that both "set to minor keys and have similar tempos and overall feel or style," and that their similarities are "readily apparent from a transcription (i.e., music notation) of the relevant passages of each composition." [FAC at ¶¶ 27-29]. Plaintiffs' theory depends entirely on similarities across these nonverbal components of the compositions; they do not allege any incriminating similarities between the two songs' lyrics. *C.f. Shaheed-Edwards v. Syco Ent., Inc.*, No. 17-06579, 2017 WL 6403091 (C.D. Cal. Dec. 14, 2017).

The Ninth Circuit has cautioned that the application of the "extrinsic test [to a musical work] requires analytical dissection of [the] work *and expert testimony*." *Swirsky*, 376 F.3d at 845, emphasis added. In *Hayes v. Minaj*, the court relied on this portion of *Swirsky* in declining to reach the question of substantial similarity between two musical compositions at the pleadings stage – even after acknowledging that the plaintiffs' complaint had utterly neglected "to compare the elements, or constellation of elements, from the two works." No. 12-07972, 2012 WL 12887393 at *4, *5 (C.D. Cal. Dec. 18, 2012).

This Court agrees with *Hayes'* application of the cited portion of *Swirsky*. (It also notes that Plaintiffs here have pled substantial similarity with greater specificity than did their *Hayes* counterparts.) As such, it declines to reach the question of substantial similarity until it is presented with the parties' evidence.

///

///

## IV. CONCLUSION

Defendants' motion for inter-district transfer is **DENIED** for lack of personal jurisdiction. Defendants' motion to dismiss is **GRANTED** for failure to plead copying.

Plaintiffs are **GRANTED** leave to amend the FAC in light of this order and **ORDERED** to file their second amended complaint on or before **Friday, June 16, 2023 at 12 P.M. (noon)**. Plaintiffs are directed to lodge a red-lined version of the amended complaint as well as a clean copy by this deadline. Defendants are **ORDERED** to file their responsive pleading on or before **Monday, June 30, 2023 at 5 P.M.**

The order setting the scheduling conference for June 30, 2023, at 1 P.M. remains in full force and effect. [Dkt. 72]. The parties are reminded to submit their Rule 26(f) report and proposed scheduling order in advance of the conference consistent with this Court's standing orders.

**IT IS SO ORDERED.**

Dated: June 5, 2023

SUNSHINE S. SYKES
United States District Judge